PER CURIAM:
On December 22, 1983, at approximately 8:00 p.m., claimant was traveling east on Interstate 77, at the Charleston city limits, when her vehicle, a 1983 Oldsmobile Cutlass, struck an expansion joint which had arisen in the highway. The right front and rear tires and rims were damaged. The damage was repaired at a cost of $428.51. Claimant’s insurance company paid all of that sum except for a $100.00 deductible. Claimant also incurred a $25.00 towing charge. She testified that several other vehicles had been damaged by the expansion joint, but did not know how long the condition had existed. Herbert C. Boggs, Interstate Supervisor in District 1, testified that he had been notified of the broken expansion joint at about 8:30 or 9:00 p.m. He immediately dispatched a crew to repair the joint.
The State is neither an insurer nor a guarantor of the safety of travellers on its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damages caused by road defects of this type, the claimant must prove that respondent had actual or constructive notice of the existence of the defect and a reasonable amount of time to correct it. Davis vs. Dept. of Highways, 11 Ct.Cl. 150 (1976). The evidence indicated that there was no advance warning of any problems with the expansion joint, and that respondent acted promptly upon notification of the condition. The Court must, therefore, deny the claim.
Claim disallowed.